EMIL J. ALI, OSB No. 176329
*EAli@carrbutterfield.com*
LISANNE M. BUTTERFIELD, OSB No. 913683
*LButterfield@carrbutterfield.com*
CARR BUTTERFIELD, LLC
5285 Meadows Road, Suite 199
Lake Oswego, OR 97035
Telephone:  503-635-5244
Fax:  503-635-2955
    Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| **ELIZABETH A. RIZZO,**<br><br>    Plaintiff,<br><br>v.<br><br>**NOVARTIS CORPORATION WELFARE BENEFITS PLAN and HORIZON HEALTHCARE SERVICES, INC., a New Jersey corporation dba HORIZON BLUE CROSS BLUE SHIELD OF NEW JERSEY,**<br><br>    Defendants. | Case No.: 3:19-cv-1054<br><br>**COMPLAINT**<br>(ACTION FOR RECOVERY OF ERISA BENEFITS; BREACH OF FIDUCIARY DUTY; FAILURE TO PROVIDE PLAN DOCUMENTS) |

### Introduction

1.     Plaintiff Elizabeth A. Rizzo brings this action seeking relief for multiple violations of the Employee Retirement Income Security Act of 1974 ("ERISA") by Defendant

Page 1 – **COMPLAINT**

**CARR BUTTERFIELD, LLC**
5285 SW Meadows Road, Ste. 199
Lake Oswego, OR  97035
Telephone:  (503) 635-5244
Facsimile:  (503) 635-2955

Novartis Corporation Welfare Benefits Plan and its fiduciary Horizon Healthcare Services, Inc. dba Horizon Blue Cross Blue Shield of New Jersey.

2. Pursuant to 29 USC § 1132(a), Plaintiff seeks legal and equitable relief for violations of ERISA. Plaintiff also seeks the payment of benefits due to Plaintiff through the Novartis Corporation Welfare Benefits Plan, and to obtain other equitable and legal relief due under ERISA. The benefits at issue here are benefits to which Plaintiff claims she was entitled to receive, including, but not limited to, payment for the medical procedure with a date of service of December 13, 2017, as well as all follow up care.

## Parties

3. Plaintiff Elizabeth A. Rizzo is an individual residing in Gresham, Oregon.

4. At all times relevant, Plaintiff was (a) employed by Alcon Laboratories, Inc. in Gresham Oregon, then a wholly owned subsidiary of Novartis, Inc.; and (b) received health and welfare coverage from the Novartis Corporation Welfare Benefits Plan, an employer-sponsored health and welfare employee benefit plan governed by ERISA (the "Plan"), which provided medical care to employees of Alcon Laboratories, Inc.

5. At all times relevant, Plaintiff was a beneficiary, as defined in ERISA. *See* 29 USC § 1002(8).

6. The Plan is an employee welfare benefit plan, as defined in ERISA. *See* 29 USC § 1002(1).

7. Defendant Horizon Healthcare Services, Inc. is a New Jersey corporation doing business as Horizon Blue Cross Blue Shield of New Jersey Blue Cross Blue Shield of New Jersey ("Horizon"). Horizon is a fiduciary, as defined in ERISA. *See* 29 USC § 1002(21).

Page 2 – COMPLAINT

CARR BUTTERFIELD, LLC
5285 SW Meadows Road, Ste. 199
Lake Oswego, OR 97035
Telephone: (503) 635-5244
Facsimile: (503) 635-2955

8. The Plan provided medical care for its participants and was administered by Horizon.

## Jurisdiction & Venue

9. Jurisdiction is appropriate under 28 USC § 1331 in that 29 USC § 1132(e) confers jurisdiction upon the district courts of the United States where, as here, Plaintiff's claims relate to an "employee welfare benefit plan" as defined within ERISA 29 USC § 1001, *et. seq.*

10. Jurisdiction is further appropriate under 28 USC § 1332(a) in that the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and diversity exists between the parties.

11. Venue is appropriate because Defendants' acts and omissions occurred in this District of Oregon.

## Statement of Facts

12. At all times relevant, Plaintiff was a participant in the Plan managed by Horizon, pursuant to an Administrative Services Contract.

13. The Plan maintains plan documents ("Plan Documents") that set forth the rights of participants and beneficiaries.

14. In 2017, Plaintiff's treating physician diagnosed her with a spinal condition and advised Plaintiff to seek treatment, and eventually to seek surgical intervention.

15. Prior to scheduling surgery, Plaintiff spent months under the treatment of a physician, and was also under the care of both a physical therapist and chiropractor.

16. In December 2017, Plaintiff's treating physician contacted Horizon to secure preauthorization for the surgical procedure, which was not required under the Plan Documents.

Page 3 – COMPLAINT

CARR BUTTERFIELD, LLC
5285 SW Meadows Road, Ste. 199
Lake Oswego, OR  97035
Telephone:  (503) 635-5244
Facsimile:  (503) 635-2955

Plaintiff's treating physician obtained reference number 6384866390 and was expressly informed by a Horizon representative that "No Prior Authorization Was Required."

17. Upon doctors' recommendation, and in reliance upon the preauthorization previously secured, Plaintiff underwent the surgery on December 13, 2017.

18. Following the surgery on April 12, 2018, Horizon denied the claim citing the purported lack of medical necessity.

19. Pursuant to the Plan Documents, Plaintiff followed all relevant appeal procedures, yet her appeal was ultimately denied on October 23, 2018.

20. Pursuant to the Plan Documents, Plaintiff sought external review.  On November 9, 2018, the matter was assigned to an Independent Review Organization.  On December 19, 2018, the denial was upheld by the Independent Review Organization, which noted that certain imaging and notes were not provided for review by Horizon.

21. On March 8, 2019, Plaintiff further communicated with Horizon to resolve the dispute.

22. On April 2, 2019, Horizon responded indicating for the first time that prior authorization was sought by the hospital, but allegedly not received.

23. Throughout the process, Plaintiff requested that Defendants produce a copy of her Plan Documents, and the administrative record, yet Defendants refused to comply. Neither the Plan nor Horizon provided the documents upon previous requests by Plaintiff.

24. On June 4, 2019, by and through her counsel, Plaintiff expressly requested a complete copy of the administrative record associated with Plaintiff's claim and appeal.  Neither Horizon nor the Plan responded substantively to the request, as required by ERISA.  Instead,

Page 4 – COMPLAINT

CARR BUTTERFIELD, LLC
5285 SW Meadows Road, Ste. 199
Lake Oswego, OR  97035
Telephone:  (503) 635-5244
Facsimile:  (503) 635-2955

Horizon responded with an erroneous letter dated June 14, 2019 referring the matter to their subrogation vendor, which was and is inapplicable in this matter.

25. On July 3, 2019, Plaintiff, through counsel, received a letter from Novartis Services, Inc., which responded on behalf of the Plan, and provided certain documents, but failed to include documents responsive to the subject claim, the Form 5500, and the administrative service contract, among other things.

26. On July 3, 2019, by and through her counsel, Plaintiff attempted to obtain the additional documents from Novartis Services, Inc. to no avail.

## Count I

### (ACTION FOR BENEFITS UNDER 29 USC § 1132(a)(1)(B))

27. Plaintiff repeats and realleges paragraphs 1 through 26 and incorporates the same by reference as if fully set forth herein.

28. The Plan's denial of Plaintiff's health claim and appeal was arbitrary, capricious, and inconsistent with the Plan Documents.

29. Plaintiff is entitled to recover benefits, and to enforce her rights under the Plan, as well as attorney's fees and costs.

## Count II

### (ACTION FOR BENEFITS UNDER 29 USC § 1132(a)(1)(B))

30. Plaintiff repeats and realleges paragraphs 1 through 29 and incorporates the same by reference as if fully set forth herein.

31. Horizon's denial of Plaintiff's health claim and appeal was arbitrary and inconsistent with the Plan Documents.

Page 5 – **COMPLAINT**

**CARR BUTTERFIELD, LLC**
5285 SW Meadows Road, Ste. 199
Lake Oswego, OR 97035
Telephone: (503) 635-5244
Facsimile: (503) 635-2955

32.     Plaintiff is entitled to recover benefits, and to enforce her rights under the Plan, as well as attorney's fees and costs.

## Count III

### (BREACH OF FIDUCIARY DUTY UNDER 29 USC §§ 1104)

33.     Plaintiff repeats and realleges paragraphs 1 through 32 and incorporates the same by reference as if fully set forth herein.

34.     As a fiduciary, Horizon failed to discharge its duties with the care, skill, prudence, and diligence that a prudent man acting in a like capacity or familiar with such matters would have used as set forth above. Therefore, Horizon breached its fiduciary duties as set forth within 29 USC § 1104.

35.     As a direct and proximate result of Horizon's failure to carry out its duties as a fiduciary of the Plan pursuant to 29 USC § 1104, Plaintiff has been damaged in an amount equal to the amount of the benefits to which she would have been entitled under the Plan, as well as additional damages, attorney's fees, and costs.

## Count IV

### (FAILURE TO PROVIDE PLAN DOCUMENTS UNDER 29 USC § 1132(c))

36.     Plaintiff repeats and realleges paragraphs 1 through 35 and incorporates the same by reference as if fully set forth herein.

37.     Pursuant to ERISA, the Plan and Horizon are required by law to produce Plan Documents and the administrative record to Plaintiff upon request. *See* 29 USC § 1024(b)(4).

38.     Defendants' breached their duties and obligations to timely and fully respond to Plaintiff's requests for Plan Documents and administrative record.

Page 6 – **COMPLAINT**

**CARR BUTTERFIELD, LLC**
5285 SW Meadows Road, Ste. 199
Lake Oswego, OR 97035
Telephone: (503) 635-5244
Facsimile: (503) 635-2955

39. Defendants' failure to provide Plan Documents resulted in excessive delay that prejudiced Plaintiff's investigation of Defendant's acts and omissions.

40. Pursuant to ERISA, The Plan administrator should be penalized $110 per day, and be ordered to reimburse Plaintiff her attorney's fees and costs incurred herein.

### Prayer for Relief

WHEREFORE, the Plaintiff demands relief and judgment against the Defendants as follows:

a. Award past benefits due and payable under the terms of the Plan pursuant to 29 USC § 1132(a)(1).

b. Injunctive relief declaring the rights, duties and remedies of the parties regarding her claim for benefits under the Plan and enjoining further breaches by Defendants.

c. For a judgment against the Defendants awarding Plaintiff prejudgment interest, costs and expenses, including the reasonable attorney's fee as permitted under 29 USC § 1132(g)(1).

d. For an Order finding Defendants liable for a breach of fiduciary duty.

e. A penalty of $110 per day as allowed under ERISA for the Plan's failure to produce all requested Plan Documents and the administrative record.

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

Page 7 – **COMPLAINT**

**CARR BUTTERFIELD, LLC**
5285 SW Meadows Road, Ste. 199
Lake Oswego, OR 97035
Telephone: (503) 635-5244
Facsimile: (503) 635-2955

  f. Such other relief as may be deemed just and proper, including an amount of damages to be determined by this Court and other reasonable attorneys' fees and costs allowed by statute or otherwise.

DATED this 5th day of July 2019.

                Respectfully Submitted,

                CARR BUTTERFIELD, LLC
                By: /*Emil Ali*/
                Emil J. Ali, OSB No. 176329
                Email: *EAli@carrbutterfield.com*
                Lisanne M. Butterfield, OSB No. 913683
                Email: *LButterfield@carrbutterfield.com*
                5285 Meadows Road, Suite 199
                Lake Oswego, OR 97035
                Telephone: 503-635-5244/ Fax: 503-635-2955
                Attorneys for Plaintiff

Page 8 – **COMPLAINT**

**CARR BUTTERFIELD, LLC**
5285 SW Meadows Road, Ste. 199
Lake Oswego, OR  97035
Telephone:  (503) 635-5244
Facsimile:  (503) 635-2955